IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**PAULA DRAKE,**

    **Movant,**

v.                                    **Case No. 2:07-cv-00420**
                                        **Case No. 2:06-cr-00069**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On July 10, 2007, Movant, Paula Drake (hereinafter "Defendant") filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket sheet document # 33). This matter is assigned to the Honorable David A. Faber, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the motion and all related materials shall be examined promptly, and if it plainly appears from the face of the motion that the movant is not entitled to relief, the court shall order its summary dismissal and cause the movant to be notified.

**PROCEDURAL HISTORY**

On June 27, 2006, Defendant waived indictment(# 17) and pled guilty (# 16), pursuant to a written plea agreement (# 18) to one count of mail fraud, as stated in an information (# 1).  On November 14, 2006, Defendant was sentenced to serve 30 months of imprisonment, followed by a three-year term of supervised release. Defendant was also ordered to pay a $100 special assessment and $435,045 in restitution.  A Judgment to that effect was entered on November 16, 2006.  (# 29).  Defendant did not appeal her conviction or sentence.

On July 10, 2007, Defendant filed the instant section 2255 motion, asserting discrimination. Specifically, her motion states:

> I am being discriminated against because there are not any programs available to me to offer me an opportunity to be released early, such as the RDAP program.  I do not meet the qualifications for the RDAP program because I do not abuse drugs or alcohol.  There are several women who came in at the same time as I did with similar sentences who are going home 12 to 18 months earlier than me because they are in the drug program because they either sold or used drugs.  I do not think it is fair that early release is possible for some but not for others. (Please see the attached copy of the Alderson Inmate Handbook regarding the drug program).  I would gladly participate in any program that would allow me to go home sooner.

(# 30 at 4).  Defendant requests an "[e]qual opportunity to be released twelve to eighteen months early as those in the drug program are.  I would just like the same chance others have been given."  (Id. at 13).

Defendant's claim is not properly raised in a section 2255 motion. A Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is reserved for challenges to the legality of the defendant's conviction or sentence, not the execution thereof. See, *e.g.*, United States v. Miller, 871 F.2d 488 (4th Cir. 1989); United States v. Snow, 748 F.2d 928, 933-34 (4th Cir. 1984). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's claim is not cognizable under section 2255. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's section 2255 motion, without prejudice, and dismiss this civil action.

Defendant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Defendant shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time

period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Paula Drake, and the United States Attorney's Office.

    July 25, 2007  
          Date

*/s/ Mary E. Stanley*  
Mary E. Stanley  
United States Magistrate Judge

4